```
QUIN DENVIR, Bar #49374
Federal Defender
CAROLYN M. WIGGIN, Bar #182732
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700


Attorneys for Petitioner
ENRIQUE ACOSTA DELGADO
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ENRIQUE ACOSTA DELGADO, | ) | NO. Civ. F 99-6547 AWI LJO |
| | ) | |
| Petitioner, | ) | |
| | ) | **STIPULATION AND ORDER DISMISSING** |
| v. | ) | **CASE** |
| | ) | |
| Immigration and Naturalization Service, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Enrique Acosta Delgado's petition for a writ of habeas corpus challenges his indefinite detention by the Bureau of Immigration and Customs Enforcement (BICE), formerly the Immigration and Naturalization Service. Mr. Delgado is no longer being detained by the BICE, and thus Petitioner and Respondent, through their respective attorneys, hereby stipulate and agree that, because Petitioner is no longer being detained by Respondent, this petition should be dismissed as moot. Pursuant to 28 U.S.C. Section 636(c), the parties consent to the magistrate judge

entering a final order dismissing this case.

Counsel for Respondent, Attorney Gregory G. Mack, has authorized the undersigned to sign this stipulation electronically on his behalf.

Respectfully submitted,

Dated: December 6, 2005

Dated: December 6, 2005
QUIN DENVIR
Federal Defender

/s/ Gregory D. Mack
GREGORY D. MACK
U.S. Department of Justice
Civil Division
Office of Immigration
Litigation

Attorney for Respondents
IMMIGRATION AND NATURALIZATION
SERVICE

/s/ Carolyn M. Wiggin

CAROLYN M. WIGGIN
Assistant Federal Defender

Attorney for Petitioner
ENRIQUE ACOSTA DELGADO

_____

**ORDER**

Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action

voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. Because Petitioner has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk of the Court is DIRECTED to close this case in light of Petitioner's filed and properly signed Rule 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

IT IS SO ORDERED.

**Dated:   December 19, 2005**              **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE